1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Fannie Mae,<br><br>            Plaintiff,<br><br>vs.<br><br>Anthony P. Laruffa, et al.,<br><br>            Defendants. | No. CV-12-301-TUC-RCC-DTF<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court are Defendant Anthony LaRuffa's Rule 12(b)(3) & 12(b)(5) Motions to Dismiss for failure to properly serve and improper venue. (Docs. 5, 6.) Plaintiff opposed both motions and Defendant filed replies. (Docs. 10, 11, 13, 14.) Plaintiff filed a sur-reply as to the venue motion. (Doc. 17.) Pursuant to the Rules of Practice in this Court, the matter was assigned to Magistrate Judge Ferraro for a report and recommendation. The Magistrate recommends the District Court, after its independent review of the record, enter an order denying the motions to dismiss.[1]

**Motion to Quash Service and Dismiss**

Defendant LaRuffa requests that the Court quash service and dismiss the case because he was not properly served. Process server Frank Harrigan attested that he personally served a copy of the complaint and summons on Anthony LaRuffa at 4:30 p.m. on March 5, 2012,

---

[1]      In its discretion, the Court denies Defendant's request for oral argument on these motions. LR Civ. 7.2(f).

1   at his home address. (Doc. 11, Ex. 1.) LaRuffa declares that he was not at home at that time

2   and when he returned home after 8:00 p.m., he found the documents stuffed in his mailbox.

3   (Doc. 6, Ex. 1.)

4       "A signed return of service constitutes prima facie evidence of valid service 'which

5   can be overcome only by strong and convincing evidence.'" *S.E.C. v. Internet Solutions for*

6   *Bus., Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2001). Defendant argues that his declaration is

7   sufficient evidence to establish that service was not accomplished. The Court disagrees. A

8   mere denial of service by the party is not strong and convincing evidence. *See Am. Honda*

9   *Motor Co., Inc. v. Azgrafix*, No. CV-08-0656-PHX-FJM, 2008 WL 5329062, at *1 (D. Ariz.

10  Dec. 22, 2008). Defendant LaRuffa has not established that dismissal for improper service

11  is warranted.

12      In response to the motion, Plaintiff also argues that LaRuffa waived the defense of

13  improper service by not including it in his first Rule 12 motion to dismiss. Although it is true

14  that such a motion is waived if not included in a first motion to dismiss, Fed. R. Civ. P.

15  12(g)(2), (h)(1), the Court does not find waiver applicable here. LaRuffa filed essentially

16  simultaneous motions to dismiss (the one alleging improper service was received

17  electronically by the Court two minutes after the one alleging improper venue). The Court

18  finds these separate documents are reasonably treated as one motion to dismiss on multiple

19  grounds.

20      **Motion to Dismiss or Transfer Venue**

21      Defendant LaRuffa moves the Court to dismiss the case for improper venue or to

22  transfer the action to the United States District Court for the Central District of California.

23      The Complaint alleges that Fannie Mae made two loans, evidenced by a First Note

24  and a Second Note, each of which were secured by Arizona property, set forth in a Security

25  Agreement. Each note has associated with it a Guarantee signed by one or more Key

26  Principals. The Borrowers under the First and Second Note are alleged to have defaulted and

27  the Key Principals (Defendants LaRuffa and Grassia) are alleged to have subsequently

28  defaulted on their obligations under the Guarantees.

1   Defendant LaRuffa argues that Plaintiff has not pled facts demonstrating that the

2   alleged acts or omissions occurred in Arizona. The Court disagrees. Venue is proper in

3   Arizona as Defendants guaranteed notes executed by Arizona companies, that were recorded

4   with the Pima County recorder in Arizona, for property located in Arizona. 28 U.S.C.

5   § 1391(b).

6   Next, the parties dispute the significance of a forum selection clause contained in the

7   Notes. Plaintiff contends that the forum selection clause governs and identifies Arizona as

8   the exclusive venue for any case related to the Notes. Defendant LaRuffa argues that the

9   Guarantee he signed, in contrast to the Notes, does not contain such a forum selection clause.

10  In fact, the Guarantees signed by LaRuffa and Grassia incorporate the forum selection clause

11  from the Notes. (Doc. 10, Ex. 2 at 8, ¶ 20; Ex. 2 at 11.) That clause provides that:

12  > any controversy arising under or in relation to this Note shall be litigated
    > exclusively in the Property Jurisdiction . . . Borrower and Key Principal each
13  > irrevocably consents to service, jurisdiction, and venue of such courts for any
    > such litigation and waives any other venue to which it might be entitled by
14  > virtue of domicile, habitual residence or otherwise.

15  (Doc. 10, Ex. 2 at 8, ¶ 20.)

16  Forum selection causes are presumed valid and enforceable absent specific

17  circumstances Defendant has not raised in this case – enforcement is shown to be

18  unreasonable or the clause was obtained through fraud or overreaching. *Bremen v. Zapata*

19  *Off-Shore Co.*, 407 U.S. 1, 15 (1972). Defendant argued solely that the forum selection

20  clause did not apply to him, which is refuted by the documents. He did not argue in the

21  alternative that, if the forum selection clause was applicable, there was any basis to challenge

22  it. Based on the forum selection clause, which has not been demonstrated to be

23  unenforceable, the Court finds venue should be retained in Arizona.

24  **Recommendation**

25  The Magistrate Judge recommends the District Court, after its independent review of

26  the record, enter an order DENYING Defendant LaRuffa's Motion to Quash Service and

27  Dismiss (Doc. 6) and Motion to Dismiss or Transfer Venue (Doc. 5).

28  Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file

written objections within 14 days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived.

DATED this 7th day of June, 2012.

D. Thomas Ferraro
United States Magistrate Judge

- 4 -