IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FANNIE MAE, a corporation organized and existing under the laws of the United States,<br><br>    Plaintiff,<br><br>vs.<br><br>ANTHONY P. LARUFFA, an individual; ANTHONY P. LARUFFA, as Trustee of THE CAMINO REAL TRUST under trust dated July 22, 1998; JOHN GRASSIA, an individual; JOHN GRASSIA, as Trustee of THE GRASSIA TRUST dated December 23, 1996, as amended and restated October 9, 2006; and JOHN DOES I-X,<br><br>    Defendants. | No. CV-12-0301-TUC-RCC (BGM)<br><br>**REPORT AND RECOMMENDATION** |

Currently pending before the Court are Defendant John Grassia's Motion to Remove Co-Defendant Grassia Due to Fraudulent Evidence [Doc. 33] and Plaintiff/Counter-Defendant Fannie Mae's Motion to Dismiss Anthony P. LaRuffa's Counterclaims for Failure to State a Claim [Doc. 46]. The motions are fully briefed, and oral argument was held on October 31, 2012.

### I.   DEFENDANT JOHN GRASSIA'S MOTION TO DISMISS

Defendant Grassia seeks dismissal of this lawsuit based upon Plaintiff Fannie Mae's proofs of service. Def. Grassia's Mot. to Remove Co-Def. Grassia Due to Fraudulent Evid. [Doc. 33]. Plaintiff Fannie Mae contends that Defendant Grassia has waived any arguments

1  regarding improper service in light of his Answer filed on July 3, 2012. Pl.'s Obj. and Resp.
2  to Mot. filed by John Grassia at Docket No. 33 [Doc. 38] at 3.

### *A. Factual Background*

4  Defendant Grassia asserts that Plaintiff's counsel "is perpetuating fraud upon the court
5  [sic]." Def. Grassia's Resp. to Doc. 38, Pl.'s Resp. to Doc. 33 [Doc. 43]. Defendant Grassia
6  contends that Plaintiff's counsel improperly filed a Return Receipts from the United States
7  Postal Service "evidencing that the certified mailing package was signed for at Mr. Grassia's
8  address." Def. Grassia's Mot. to Remove Co-Defendant Grassia Due to Fraudulent Evidence
9  [Doc. 33] at 1. "Ron Smith" signed a Return Receipts sent to Defendant Grassia's address
10 in Hollywood, Florida, as well as a Return Receipt for a mailing directed to Plaintiff's
11 counsel's law office in Phoenix, Arizona. *Id.* Plaintiff's counsel avers that "[a]fter an
12 investigation in to this matter, undersigned counsel determined that the third-party company
13 that undersigned's firm utilizes for mail delivery (the "Mail Service Company") had
14 *inadvertently* signed the certified mail package from Mr. Grassia and returned it to
15 undersigned suggesting that someone had signed for the package at Mr. Grassia's residence."
16 Pl.'s Obj. and Resp. to Mot. filed by John Grassia at Docket No. 33 [Doc. 38] at 2 (emphasis
17 in original).

18 At oral argument, Defendant Grassia reasserted the "facts" contained in his motion.
19 He argues that the "signed return receipt from my address and submitted as evidence [is] a
20 falsified return receipt." Hr'g Tr. 10/31/12 [Doc. ] at 9:16-23. Additionally, at oral
21 argument, Plaintiff's counsel "assure[d] this Court and . . . Mr. Grassia and any other parties
22 in this case that neither [his] firm or [him]self had submitted any fraudulent evidence in this
23 case." *Id.* at 14:5-8.

### *B. Analysis*

25 Defendant Grassia seeks dismissal of this lawsuit because the proofs of service are
26 "fraudulent." Rule 12(h), Federal Rules of Civil Procedure, concerns "Waiving and
27 Preserving Certain Defenses" and provides in relevant part:

- 2 -

> (1) ***When Some Are Waived.*** A party waives any defense listed in Rule 12(b)(2)-(5) [which includes insufficient service of process] by:
>
>   (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
>
>   (B) failing to either:
>
>     (i) make it by motion under this rule; or
>
>     (ii) include it in a responsive pleading or an amendment allowed by Rule 15(a)(1) as a matter of course.

Fed. R. Civ. P. 12(h)(1) (emphasis in original). Moreover, "[a] motion asserting [a defense for insufficient service of process] . . . must be made **before** pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b) (emphasis added).

On July 16, 2012, this Court denied Defendant Grassia's request to revoke granting of alternative service. Order 7/16/2012 [Doc. 35]. In that Order, the Court noted that in light of Defendant Grassia's Answer [Doc. 32], "[a]ny challenge to service is waived. Fed. R. Civ. P. 12(b)(4) & (5), (h)(1)." Order 7/16/2012 [Doc. 35]. To the extent that Defendant Grassia seeks dismissal of this lawsuit, his motion should be denied.

Regarding the veracity of Plaintiff's representations to this Court, Rule 11, Federal Rules of Civil Procedure, provides in relevant part:

> (b) **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>   (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>   (2) the claims, defenses, and other legal contentions are warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>   (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

- 3 -

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> (c) **Sanctions.**
>
> (1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed. R. Civ. P. 11 (emphasis in original). The Court finds Plaintiff's and counsel's actions were not improperly motivated. The Court reminds the parties to exercise due diligence in reviewing documents, particularly those to be submitted into the record. Should Defendant Grassia have concerns in the future that he "cannot ascertain that <u>any evidence and representations</u> presented to the court [sic] by counsel for the Plaintiff are true and valid[,]" the Court may consider a proper motion pursuant to Rule 11, Federal Rules of Civil Procedure. Def. Grassia's Resp. to Doc. 38, Pl.'s Resp. to Doc. 33 [Doc. 43] at 2. The Magistrate Judge recommends that Defendant Grassia's motion to dismiss be denied.

## II. PLAINTIFF/COUNTER-DEFENDANT FANNIE MAE'S MOTION TO DISMISS COUNTERCLAIMS

On July 16, 2012, Defendant LaRuffa filed his Answer and a six count counterclaim against Plaintiff. Answer of Anthony P. LaRuffa to Compl. by Fannie Mae and Counter Claim [Doc. 36]. Plaintiff/Counter-Defendant Fannie Mae now seeks dismissal of Defendant/Counterclaimant LaRuffa's Counterclaims for failure to state a claim upon which relief can be granted.

### *A. Factual Background*

Defendant LaRuffa's counterclaim alleges that Fannie Mae foreclosed on a promissory note secured by a first priority deed of trust recorded against real property held by 3985 Cornerstone Apartments, LLC ("Cornerstone"). Def. LaRuffa's Counterclaim [Doc. 36] at ¶ 4. Defendant LaRuffa is one of the key principals of Cornerstone. Pl.'s Mot. to

- 4 -

1  Dismiss [Doc. 46] at 2. On or about January 2, 2002, EF & A Funding, LLC made a loan in
2  the sum of $6,275,000.00 to Foxbay Properties, LLC, secured by a first priority deed of trust
3  recorded against Cornerstone.   Def. LaRuffa's Counterclaim [Doc. 36] at ¶ 5.
4  Plaintiff/Counterclaimaint states that "as a result of certain loans, Cornerstone was indebted
5  to Fannie Mae for approximately $7.5 million." Pl.'s Mot. to Dismiss [Doc. 46] at 2.

6  Defendant/Counterclaimant LaRuffa alleges that Cornerstone had a fair market value
7  of approximately $7,000,000.00 prior to Plaintiff's foreclosure.   Def. LaRuffa's
8  Counterclaim [Doc. 36] at ¶ 7. Defendant/Counterclaimant LaRuffa further alleges that
9  "Fannie Mae acted in such a manner as to intentionally drive the value of the property down
10 so that Fannie Mae could acquire the property through the foreclosure for approximately
11 $1,000,000.00 and then sue Laruffa for an inflated deficiency." *Id.* at ¶ 8. LaRuffa is a
12 guarantor of the debt owed to Fannie Mae. *See id.* at ¶ 6. Defendant/Counterclaimant
13 LaRuffa alleges that Fannie Mae closed the office, refused service to the tenants, changed
14 the rental structure, knocked down the pool fences and trees and tore out the landscape in an
15 effort to intentionally drive down Cornerstone's value.   *Id.* at ¶ 9.
16 Defendant/Counterclaimant LaRuffa further alleges that Plaintiff improperly demanded to
17 inspect the premises, including access to the occupied units. *Id.* at ¶ 10.
18 Defendant/Counterclaimant LaRuffa asserts that "Fannie Mae used this and other meritless
19 grounds in order to apply to the court ex parte for an appointment of a receiver." *Id.* at ¶ 11.
20 The February 23, 2012 Minute Entry for the hearing on Plaintiff's Emergency Application
21 for Appointment of Receiver held before the Honorable Kenneth Lee in the Superior Court
22 of Arizona, Pima County states that despite having notice of the hearing, defendants elected
23 not to appear.   Minute Entry 2/23/2012, Case No. C20110376.   Thus,
24 Defendant/Counterclaimant LaRuffa or Cornerstone Apartments had notice and an
25 opportunity to be heard regarding the receiver, but waived that right. Additionally,
26 Defendant/Counterclaimant LaRuffa initiated two bankruptcy proceedings before the
27 Bankruptcy Court for the District of Arizona. Pl.'s Mot. to Dismiss [Doc. 46] at 2. The
28

second case, Case Number 4:11-BK-04870-EWH was dismissed due to the debtor's bad faith through the actions of Defendant/Counterclaimant LaRuffa. *Id.*

Defendant/Counterclaimant LaRuffa's six-count counterclaim alleges the following causes of action: (1) unlawful, unfair or deceptive business practices; (2) declaratory relief; (3) wrongful foreclosure; (4) conspiracy to commit unlawful, unfair, or deceptive business acts; (5) conversion; and (6) unjust enrichment. Plaintiff seeks dismissal of all counterclaims pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.

### B. Standard of Review

A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed. R. Civ. P. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998) ("conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss.").

Dismissal is appropriate where a plaintiff has failed to "state a claim upon which relief can be granted." Rule 12(b)(6), Fed. R. Civ. P. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citations omitted). "When ruling on a motion to dismiss, we may 'generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial

1   notice.'" *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir.
2   2008) (citations omitted).

3   "In dismissing for failure to state a claim 'a district court should grant leave to amend
4   even if no request to amend the pleading was made, unless it determines that the pleading
5   could not possibly be cured by the allegation of other facts.'" *Doe v. United States*, 58 F.3d
6   494, 497 (9th Cir. 1995) (quoting *Cook, Perkiss & Liehe v. N. Cal. Collection Service*, 911
7   F.2d 242, 247 (9th Cir. 1990)); *See also, Manzarek*, 519 F.3d at 1031 ("'Dismissal without
8   leave to amend is improper unless it is clear, upon de novo review, that the complaint could
9   not be saved by any amendment.'" (quoting *Polich v. Burlington N., Inc.*, 942 F.2d 1467,
10  1472 (9th Cir. 1991))).

   *C. Analysis*

12  Plaintiff seeks dismissal of all counterclaims pursuant to Rule 12(b)(6), Federal Rules
13  of Civil Procedure, for failure to state a claim upon which relief can be granted.

### 1. Unlawful, Unfair or Deceptive Business Practices

15  Plaintiff asserts that Defendant/Counterclaimant LaRuffa's claim of "'unlawful,
16  unfair, or deceptive business practices' is made up of nothing but unsupported conclusions
17  and unwarranted inferences." Pl.'s Mot. to Dismiss [Doc. 46] at 7. Plaintiff further asserts
18  that Defendant/Counterclaimant's claim that Cornerstone's value was approximately
19  $7,000,000.00 prior to the institution of the Receivership. *Id.* at 8. "An appraisal
20  commissioned by Fannie Mae and dated as of February 28, 2011, however, assigned an 'As
21  Is' value of the Property of $4,500,00.00." *Id.* Defendant/Counterclaimant LaRuffa
22  contends that "there were two offers to purchase the Subject Property for $7,000,000.00
23  which would have liquidated any deficiency, but Fannie Mae's acts precluded any sale of the
24  Subject Property." Def./Counterclaimant's Resp. in Opp. to Mot. to Dismiss [Doc. 47] at 6.

25  Plaintiff avers that "it is unclear that 'unlawful, unfair or deceptive business practices'
26  constitutes a legitimate cause of action under Arizona law." Pl.'s Mot. to Dismiss [Doc. 46]
27  at 8. Another court in the District of Arizona dismissed a cause of action for unfair business
28  practices on the ground that "this cause of action does not exist in Arizona [and] . . . Plaintiffs

do not contest [this]." *In re Med. Lab. Mgmt.*, 931 F.Supp. 1487, 1494 (D. Ariz. 1996). Defendant/Counterclaimant LaRuffa has not cited to any legal authority in support of his claim. *See* Hr'g Tr. 10/31/2012 [Doc. 64] at 23:9-24:8. Furthermore, this Court cannot find any further support for such a cause of action beyond the consumer fraud context pursuant to Section 44-1522(A), Arizona Revised Statute, cited by Plaintiff, and which is inapplicable in this context.[1] Accordingly, the Magistrate Judge recommends that Defendant/Counterclaimant LaRuffa's claim for unlawful, unfair or deceptive business practices be dismissed for failure to state a claim.

## 2. Declaratory Relief

Plaintiff seeks dismissal of Defendant/Counterclaimant's claim for "Declaratory Relief." Courts in the District of Arizona have recognized "[i]njunctions and declaratory judgments are remedies for underlying causes of action, but they are not separate causes of action as Plaintiff alleges." *Silvas v. GMAC Mortg., LLC*, 2009 WL 4573234, *6 (D. Ariz.). Defense counsel acknowledged this deficiency at oral argument, and recognized the need to plead such claims as allegations or forms of relief, as opposed to independent claims. Hr'g Tr. 10/31/2012 [Doc. 64] at 24:9-25:9. Accordingly, the Magistrate Judge recommends that Defendant/Counterclaimant LaRuffa's claim for declaratory relief be dismissed.

---

[1] Section 44-1522, Arizona Revised Statutes, provides:
    A.    The act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

    B.    The violation of chapter 9, article 16 or chapter 19, article 1 of this title is declared to be an unlawful practice and subject to enforcement under this article.

    C.    It is the intent of the legislature, in construing subsection A, that the courts may use as a guide interpretations given by the federal trade commission and the federal courts to 15 United States Code §§ 45, 52 and 55(a)(1).

### 3. Wrongful Foreclosure

Plaintiff seeks dismissal of Defendant/Counterclaimant's wrongful foreclosure claim. Defendant/Counterclaimant argues that he has sufficiently plead this cause of action. "To establish a claim for wrongful foreclosure, Plaintiff must prove that either he was not in default at the time of the foreclosure or that the foreclosing party caused the default." *Jewell v. Countrywide Home Loans, Inc.*, 2012 WL 170942, *3 (D. Ariz.). Plaintiff's argument is two-fold. First, Plaintiff alleges that Defendant/Counterclaimant is unable to show Cornerstone was not in default or that Plaintiff caused the default. Pl.'s Mot. to Dismiss [Doc. 46] at 9. Second, Plaintiff asserts that Defendant/Counterclaimant does not have standing, acting individually, to assert a claim of wrongful foreclosure related to Property owned by Cornerstone. Hr'g Tr. 10/31/2012 [Doc. 64] at 21:1-9. Defendant/Counterclaimant has failed to present any evidence that he was not in default at the time of the foreclosure. At oral argument, Defendant/Counterclaimant asserted that "[t]he accounting is at issue whether that rises to the level of an actual default is something that's – it's just going to be flushed at discovery and factual evidence." *Id.* at 25:10-23. Defendant/Counterclaimant, however, has not offered any factual evidence to suggest that the trustee sale conducted pursuant to A.R.S. §33-809 was not valid or that there is an actual question regarding the default on the loan.

This Court also has serious doubts regarding Defendant/Counterclaimant's standing to assert a wrongful foreclosure claim. The Arizona Court of Appeals has considered the applicability of A.R.S. § 33-811(C) "which mandates waiver of all defenses to a trustee's sale if the objecting party fails to obtain an injunction before the sale date, when a trustor asserts the trustee failed to provide proper notice of the sale." *Madison v. Groseth*, 230 Ariz. 8, 279 P.3d 633, 636 (Ct. App. 2012). The *Madison* court held that because "it is undisputed Madison did not obtain an injunction prior to the trustee's sale of the Property[,] [b]y operation of § 33-811(C), . . . she waived all defenses and objections to the sale." *Id.* at 638. Furthermore, "because Madison's tort claims depend on her objections to the validity of the trustee's sale, and she has waived those objections, her tort claims cannot survive as a matter

of law." *Id.* In light of the foregoing, the Magistrate Judge recommends dismissal of Defendant/Counterclaimant's wrongful foreclosure claim for failure to state a claim upon which relief can be granted.

### 4. Civil Conspiracy

Plaintiff seeks dismissal of Defendant/Counterclaimant's civil conspiracy claim because Arizona does not recognize a civil conspiracy cause of action. As with his claim for declaratory relief, Defendant/Counterclaimant LaRuffa recognized the need to plead such claims as allegations or forms of relief, as opposed to independent claims. Hr'g Tr. 10/31/2012 [Doc. 64] at 24:9-25:9. Accordingly, the Magistrate Judge recommends that Defendant/Counterclaimant LaRuffa's claim for declaratory relief be dismissed.

The Arizona Supreme Court has stated "[f]or a civil conspiracy to occur two or more people must agree to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages." *Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 498, 39 P.3d 12, 37 (2002) (citations omitted). Further, "liability for civil conspiracy requires that two or more individuals agree and thereupon accomplish 'an underlying tort which the alleged conspirators agreed to commit.'" *Id.* (citations omitted). Accordingly, the Magistrate Judge recommends dismissal of Defendant/Counterclaimant's conspiracy claim.

### 5. Conversion

Plaintiff seeks dismissal of Defendant/Counterclaimant's conversion claims. Defendant/Counterclaimant alleges that Plaintiff failed to return a golf-cart and other personal property to him. Arizona law defines "conversion as 'any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein.'" *Focal Point, Inc. v. U-Haul Co. of Ariz., Inc.*, 155 Ariz. 318, 319, 746 P.2d 488, 489 (Ct. App. 1986) (citations omitted). Arizona courts have expanded this definition to recognize that the "intentional exercise of dominion or control over a chattle [must] so seriously interefere[] with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Id.* (citations omitted).

Plaintiff asserts that Defendant/Counterclaimant's claim must fail because "[u]pon the initiation of the receivership over the Property, all personal property related thereto came under the control of the Receiver, acting as an agent of the court." Pl.s' Mot. to Dismiss [Doc. 46] at 11. Defendant argues that this was done by a "management company" which was Plaintiff's agent. *See* Def./Counterclaimant's Resp. to Mot. to Dismiss [Doc. 47] at 7. The Court takes judicial notice, however, of the February 23, 2012 Minute Entry for the hearing on Plaintiff's Emergency Application for Appointment of Receiver held before the Honorable Kenneth Lee in the Superior Court of Arizona, Pima County. Minute Entry 2/23/2012, Case No. C20110376. Judge Lee indicates that despite having notice of the hearing, defendants elected not to appear. *Id.* Thus, Defendant/Counterclaimant LaRuffa or Cornerstone Apartments had notice and an opportunity to be heard regarding the receiver, but waived that right. Defendant/Counterclaimant has failed to state sufficient facts to support a claim for conversion. As such, the Magistrate Judge recommends dismissal of this claim.

**6. Unjust Enrichment**

Plaintiff seeks dismissal of Defendant/Counterclaimant's claim for unjust enrichment. Defendant/Counterclaimant argues that the fact that Plaintiff admits that the property was appraised at $4,500,00.00 and sold it for $1,000,000.00 and now seeks recovery of the deficiency is sufficient to state a cause of action for unjust enrichment. Def./Counterclaimant's Resp. to Mot. to Dismiss [Doc. 47] at 8. Plaintiff asserts that "there [were] two liens on this property in which Fannie Mae held both." Hr'g Tr. 10/31/2012 [Doc. 64] at 20:3-17. One lien was for approximately six million dollars ($6,000,000.00) and the second was for approximately one million dollars ($1,000,000.00). *Id.*

Under Arizona law, "[t]o recover under a theory of unjust enrichment, a plaintiff must demonstrate five elements: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of justification for the enrichment and impoverishment, and (6) the absence of a remedy provided by law." *Freeman v. Sorchych*, 226 Ariz. 242, 251, 245 P.3d 927, 936 (Ct. App. 2011) (citations

omitted). "'However, the mere receipt of a benefit is insufficient' to entitle a plaintiff to compensation. [*Murdock-Bryant Constr., Inc. v. Pearson*, 146 Ariz. 48, 54, 703 P.2d 1197, 1203 (1985)]. Instead, for an award based on unjust enrichment, a plaintiff must show 'that it was not intended or expected that the services be rendered or the benefit conferred gratuitously, and that the benefit was not conferred officiously.'" *Id.* This construction demonstrates the quasi-contractual nature of claims for unjust enrichment.

Defendant/Counterclaimant argues that the underlying loan documents are sufficient to support his claim for unjust enrichment, asserting a windfall in value and rents to Plaintiff. Hr'g Tr. 10/31/2012 [Doc. 64] at 27:6-21. This, however, indicates a misunderstanding of the foreclosure process. "A 'credit bid' is 'a bid that offers to cancel the outstanding principal, interest and related fees in return for title to the property.'" *United States v. Yeung*, 672 F.3d 594, 598 (9th Cir. 2012) (quoting *United States v. Green*, 648 F.3d 569, 584 (7th Cir. 2011)). Absent irregularity or collusion, "[a]t a nonjudicial foreclosure sale, '[t]he mortgagee is not required to open the bidding with a full credit bid, but may bid whatever amount he thinks the property worth.'" *In re Madera Farms Partnership*, 66 B.R. 100, 104 (quoting *Cornelison v. Kornbluth*, 15 Cal.3d 590, 125 Cal.Rptr. 557, 569, 542 P.2d 981, 993 (1975)); *See also In re 1441 Veteran Street Co.*, 144 F.3d 1288, 1292 (9th Cir. 1998) (citing the same). In this case, Plaintiff was both the senior and junior lienholder, and therefore entitled to credit bid solely on the junior lien. Defendant has not provided an Arizona authority to support his claim for unjust enrichment. At this juncture, the Court finds that Defendant/Counterclaimant has failed to state a claim upon which relief can be granted, and recommends dismissal.

### *D. Conclusion*

The Magistrate Judge recommends dismissal of all Defendant/Counterclaimant's counterclaims. In light of the Ninth Circuit Court of Appeals admonishment that "[r]ule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality[,]'" the Magistrate Judge further recommends that Defendant/Counterclaimant be granted leave

1 to amend. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (alterations
2 in original) (citations omitted); Fed. R. Civ. P. 15.

### III.  RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order:

(1)  DENYING Defendant John Grassia's Motion to Remove Co-Defendant Grassia Due to Fraudulent Evidence [Doc. 33];

(2)  GRANTING Plaintiff/Counter-Defendant Fannie Mae's Motion to Dismiss Anthony P. LaRuffa's Counterclaims for Failure to State a Claim [Doc. 46]; and

(3)  DISMISSING Defendant/Counterclaimant Anthony P. LaRuffa's Counterclaims with LEAVE TO AMEND.

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-12-0301-TUC-RCC**.

DATED this 25th day of January, 2013.

_____
Bruce G. Macdonald
United States Magistrate Judge