IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fannie Mae, | No. CV 12-301-TUC-RCC (BGM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Anthony P. LaRuffa, et al., | |
| Defendants. | |

Pending before the Court are Defendant John Grassia's Motion to Remove Co-Defendant Grassia Due to Fraudulent Evidence (Doc. 33), Plaintiff/Counter-Defendant Fannie Mae's Motion to Dismiss Anthony P. LaRuffa's Counterclaims for Failure to State a Claim (Doc. 46), and Magistrate Judge Bruce Macdonald's Report and Recommendation (R&R) (Doc. 70). The Court accepts and adopts Magistrate Judge Bruce Macdonald's January 25, 2013 R & R (Doc. 70) as the findings of fact and conclusions of law of this Court. The Court further denies Defendant John Grassia's Motion to Remove Co-Defendant Grassia (Doc. 33), grants Plaintiff/Counter-Defendant Fannie Mae's Motion to Dismiss Anthony P. LaRuffa's Counterclaims (Doc. 46), and dismisses Defendant/Counterclaimant Anthony P. LaRuffa's Counterclaims with leave to amend.

**I.   Background**

The factual and procedural background regarding the pending motions in this case is thoroughly detailed in Magistrate Judge MacDonald's R & R (Doc. 70).

Plaintiff Fannie Mae filed its complaint in Pima County Superior Court on February 6, 2012, alleging claims based on breach of contract. On April 20, 2012, this case was removed from Pima County Superior Court to the United States District Court for the District of Arizona. On April 27, 2012, Defendant Anthony LaRuffa filed motions to dismiss for failure to properly serve and improper venue. (Docs. 5, 6). Plaintiff opposed both motions (Docs. 10, 11), Defendant filed replies (Docs. 13, 14), and Plaintiff filed a sur-reply as to the venue motion (Doc. 17) On June 7, 2012, Magistrate Judge D. Thomas Ferraro filed a R&R recommending that Defendant LaRuffa's motions to dismiss be denied. On July 2, 2012, this Court adopted the recommendation of Magistrate Judge Ferraro and referred this matter back to Judge Ferraro for all pretrial proceedings and report and recommendation. This matter was later reassigned to Magistrate Judge Bruce G. Macdonald for all pretrial proceedings and report and recommendation.

## II.   Discussion

The duties of the district court in connection with a R & R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED.R.CIV.P. 72(b)(3); 28 U.S.C. § 636(b)(1).

Where the parties object to a R & R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn,* 474 U.S. 140, 149-50, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). When no objection is filed, the district court need not review the R & R *de novo. Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc). Therefore to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus,* 628 F.2d 1185, 1187 (9th Cir.1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also,* Advisory Committee Notes to Fed.R.Civ.P. 72 (citing *Campbell v. United States Dist.*

*Court,* 501 F.2d 196, 206 (9th Cir.1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The Court will not disturb a Magistrate Judge's Order unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision ... is entitled to great deference by the district court." *United States v. Abonce-Barrera,* 257 F.3d 959, 969 (9th Cir.2001). A failure to raise an objection waives all objections to the magistrate judge's findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." *Id.* (internal citations omitted).

The parties have filed no objections to the R&R, which relieves the Court of its obligation to review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003); *Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) ("[Section 636(b)(1) ] does not ... require any review at all ... of any issue that is not the subject of an objection."); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). This Court considers the R&R to be thorough and well-reasoned. After a thorough and de novo review of the record, the Court will ADOPT the R&R of Magistrate Judge Bruce Macdonald (Doc. 70).

Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge Macdonald's Report and Recommendation (Doc. 70) is hereby **ACCEPTED** and **ADOPTED** as the findings of fact and conclusions of law by this Court;

**IT IS FURTHER ORDERED** Defendant John Grassia's Motion to Remove Co-Defendant Grassia due to Fraudulent Evidence (Doc. 33) is **denied**;

**IT IS FURTHER ORDERED** Plaintiff/Counter-Defendant Fannie Mae's Motion to

Dismiss Anthony P. LaRuffa's Counterclaims for Failure to State a Claim (Doc. 46) is **granted**;

**IT IS FURTHER ORDERED dismissing** Defendant/Counterclaimant Anthony P. LaRuffa's Counterclaims with leave to amend.

DATED this 11th day of March, 2013.

Raner C. Collins
United States District Judge