**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fannie Mae, a corporation organized and existing under the laws of the United States,<br><br>    Plaintiff,<br><br>vs.<br><br>Anthony P. LaRuffa, an individual; Anthony P. LaRuffa, as Trustee of The Camino Real Trust under trust dated July 22, 1998; John Grassia, an individual; John Grassia, as Trustee of The Grassia Trust dated December 23, 1996, as amended and restated October 9, 2006; and John Does I-X,<br><br>    Defendants. | No. CV-12-0301-TUC-RCC (BGM)<br><br>**REPORT AND RECOMMENDATION** |

Currently pending before the Court is Plaintiff's Expedited Motion *in Limine* to Preclude Defendants' Witnesses From Testifying and/or Presenting Expert Evidence ("MIL") (Doc. 129) for further consideration in light of additional documents submitted by Defendant Grassia upon objection to the District Court Judge. *See* Order 9/24/2014 (Doc. 166); Def. Grassia's Obj. (Doc. 162). Plaintiff seeks an Order from this Court "preclud[ing] Defendants, Mr. LaRuffa and Mr. Grassia, from calling any witnesses to testify on their behalf at any evidentiary hearing or trial in this above-captioned matter." Pl.'s Mot. *in Limine* (Doc. 129) at 1. Defendant Grassia asserts that Plaintiff has "had a complete copy

of Grassia's disclosed expert Steven Cole's file since 2011[,]" and that this should be sufficient to excuse his failure to timely disclose Mr. Cole's expert witness testimony. Def. Grassia's Obj. to R & R of Magistrate Judge Dated May 23, 2014 (Doc. 162) at 2. Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure, this matter was referred to Magistrate Judge Macdonald for Report and Recommendation. The Magistrate Judge recommends that the District Court deny Plaintiff's motion (Doc. 129).

## I. FACTUAL BACKGROUND[1]

The Scheduling Order (Doc. 99) requires the parties to disclose "the names of all fact witnesses to be used at trial pursuant to the provisions of Federal Rule 26(a)(3) on or before October 31, 2013." Scheduling Order (Doc. 99) at ¶ D. The Scheduling Order (Doc. 99) further provided that initial expert disclosure was to occur on or before January 15, 2014. *Id.* at ¶ C(1). Rebuttal expert disclosures were to occur on or before February 28, 2014. *Id.* at ¶ C(2).

On November 22, 2011, as part of the bankruptcy litigation in United States Bankruptcy Court for the District of Arizona Case Number 4:11-bk-04870-EWH, Plaintiff served a subpoena duces tecum on Steven Cole, MAI, SRA. Aff. of Service 11/23/2011 (Doc. 113).[2] On September 25, 2013, Plaintiff disclosed Mr. Cole in its initial disclosure as an "individual likely to have discoverable information." Def. Grassia's Obj. to R & R of Magistrate Judge Dated May 23, 2014 (Doc. 162), Exh. "B". On October 31, 2013, Plaintiff disclosed its Factual Witnesses in this matter. Pl.'s NOS 10/31/2013 (Doc. 111).

---

[1] The majority of the "Factual Background" is reiterated from this Court's May 23, 2014 Order (Doc. 160).

[2] The docket sheet of the United States Bankruptcy Court for the District of Arizona is proper material for judicial notice. *See Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (taking judicial notice of the docket from a proceeding before another tribunal).

1   On December 18, 2013, Defendant Grassia[3] disclosed his fact witnesses and
2 "reserve[d] the right to call of the above factual witnesses as expert witnesses." Def.
3 Grassia's Discl. of Factual Witnesses (Doc. 116) at 2. Defendant LaRuffa[4] disclosed his
4 witness list on December 20, 2013. Defendants Anthony P. LaRuffa and the Camino Real
5 Trust's Witness List (Doc. 118). On January 12, 2014, Defendant Grassia disclosed his
6 expert witness list. Def. Grassia's Statement of Expert Witnesses (Doc. 119). Defendant
7 Grassia's list, however, was only a list of names and their apparent place of business. *See*
8 *id.* There was no information regarding the witnesses' expected testimony. *See id.* On
9 January 15, 2014, Plaintiff disclosed its expert witnesses. Not. of Serv. of Pl.'s Expert
10 Witnesses Pursuant to Rule 26(a)(2) (Doc. 121). On February 26, 2014, Plaintiff deposed
11 Mr. Cole and paid fees to him for the deposition. Not. of Depo. of Steven R. Cole, MAI,
12 SRA (Doc. 126); Def. Grassia's Obj. to R & R of Magistrate Judge Dated May 23, 2014
13 (Doc. 162), Exh. "C".

## II.   ANALYSIS[5]

Regarding expert witnesses who are required to provide a written report, Rule 26(a)(2)(B), Federal Rules of Civil Procedure provides:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i)   a complete statement of all opinions the witness will express and the basis and reasons for them;

---

[3] Defendant Grassia refers to John Grassia, individually, and on behalf of the Grassia Trust dated December 23, 1996, as amended and restated October 9, 2006.

[4] Defendant LaRuffa refers to Anthony P. LaRuffa, individually, and on behalf of the Camino Real Trust under trust dated July 22, 1998.

[5] The majority of the "Analysis" is reiterated from this Court's May 23, 2014 Order (Doc. 160).

    (ii)  the facts or data considered by the witness in forming them;

    (iii)  any exhibits that will be used to summarize or support them;

    (iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;

    (v)  a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

    (vi)  a statement of the compensation to be paid for the study and testimony in this case.

Fed. R. Civ. P. 26(a)(2)(B). "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."[6] *Yeti By Molly, LTD v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). As such, "[w]hen a party fails to make the disclosures required by Rule 26(a), the party is not allowed to use the witness to supply evidence at trial unless it establishes that the failure was substantially justified or is harmless." *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 824 (9th Cir. 2011). This sanction is "self-executing" and "automatic." Fed. R. Civ. P. 37 advisory committee's notes (1993). Moreover, "the lack of knowledge of a pro se litigant of the requirement to make disclosures" qualifies as a substantial justification; however, "exclusion would be proper if the requirement for disclosure had been called to the litigant's attention by either the court or another party." *Id.* "If . . . a district court is inclined to strike a party's expert witness as a sanction due to the untimely disclosure of the expert or expert's report, the Ninth Circuit instructs that district courts consider the following factors: '1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic

---

[6]Rule 37(c)(1), Fed. R. Civ. P., provides in relevant part:
If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.
Fed. R. Civ. P. 37(c)(1).

sanctions.'" *AZ Holding, LLC v. Frederick*, 2009 WL 2432745, *5 (citing *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 642 (D. Haw. 2008) (quoting *Wendt v. Host Int'l, Inc.*, 125 F.3d 806,814 (9th Cir. 1997)). Discovery sanctions are reviewed "for an abuse of discretion, [but the Ninth Circuit Court of Appeals will] give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Yeti by Molly, LTD*, 259 F.3d at 1106.

Here, Plaintiff's counsel informed Defendant Grassia of the need to provide expert reports, and Defendant Grassia failed to correct his error. Defendant Grassia argues that because Plaintiff obtained Steven Cole's complete file in another litigation, and paid him fees for his time during deposition, this should absolve Defendant Grassia of his disclosure obligations. This Court does not agree. Aside from Plaintiff obtaining Mr. Cole's file in a separate litigation, having access to an expert's file fulfills only part of Rule 26(a)(2)(B)'s, Federal Rules of Civil Procedure, mandate. Plaintiff has the right to "a complete statement of all opinions the witness will express and the basis and reasons for them[.]" Fed. R. Civ. P. 26(a)(2)(B). "This paragraph imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Fed. R. Civ. P. 26 advisory committee notes (1993). Furthermore, "A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, **the deposition may be conducted only after the report is provided**." Fed. R. Civ. P. 26(b)(4)(A) (emphasis added). As such, Plaintiff's deposition of Mr. Cole could only have been conducted in his role as a fact witness.

As such, the Court will consider exclusion of expert witness testimony. The first two *Wendt* factors favor exclusion, while factors three (3) and four (4) favor allowing the witnesses to testify. Pursuant to the fifth factor, the Court considers less drastic measures than outright disqualification. The Court finds that allowing the witnesses, with the exception of Defendants LaRuffa and Grassia, to testify as fact witnesses, but preclude them

1 from testifying as expert witnesses strikes an appropriate balance. Plaintiff has had the opportunity to depose all of the potential witnesses as fact witnesses, and therefore will not be prejudiced. Moreover, Defendants will still be able to present witness testimony in support of their case. The Court further finds that Defendants LaRuffa and Grassia will be allowed to testify as both fact and expert witnesses.

### III. CONCLUSION

The Magistrate Judge recommends granting in part and denying in part Plaintiff's motion to preclude Defendants' witnesses.

### IV. RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order:

1) GRANTING IN PART and DENYING IN PART Plaintiff's Expedited Motion *in Limine* to Preclude Defendants' Witnesses from Testifying and/or Presenting Expert Evidence (Doc. 129).

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-12-0301-TUC-RCC**.

DATED this 16th day of January, 2015.

_____
Bruce G. Macdonald
United States Magistrate Judge