# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fannie Mae,<br><br>           Plaintiff,<br><br>v.<br><br>Anthony P. Laruffa, et al.,<br><br>           Defendants. | No. CV-12-00301-TUC-RCC<br><br>**ORDER** |

Before the Court are Magistrate Judge Bruce G. Macdonald's Reports and Recommendations ("R&R") (Docs. 170-171). Defendants have both objected to (Doc. 170) and Defendant Grassia[1] has also objected to (Doc. 171). Pursuant to LR Civ. 72.2(a) and F.R.Civ. P. Rule 72, and after conducting a de novo review, the Court accepts and modifies the Magistrate Judge's Recommendations as follow.

### Summary Judgment (Doc. 171)

Defendant Grassia objects to the Magistrate Judge's Report and Recommendation (Doc. 171) granting in part and denying in part Plaintiff's Motion for Summary Judgment (Doc. 146). For the purposes of addressing this portion of the objections, the Court hereby adopts the Factual Background provided in (Doc. 171). The Court considered

---

[1] Defendant Grassia appears individually and on behalf of the Grassia Trust dated December 23, 1996, as amended and restated October 9, 2006 (hereinafter "Defendant Grassia").

Defendant LaRuffa refers to Anthony P. LaRuffa, individually, and on behalf of the Camino Real Trust under trust dated July 22, 1998.

(Doc. 146), (Docs. 151-152), (Docs. 154-155), (Docs. 156-157), (Doc. 158), (Doc. 169), (Doc. 171) and (Doc. 174) in coming to the following determination.

Plaintiff avers that Magistrate Judge Macdonald erred when he disregarded Defendant Grassia's conflicting statement of facts. Specifically, Defendant Grassia argues that the following facts and arguments create genuine issues of material fact precluding a grant of summary judgment. Defendant Grassia argues that: 1) the Deed of Trust secured a non-recourse loan, meaning Defendant Grassia is not liable for the mere non-payment of the loans; 2) Defendant LaRuffa lacked the authority to transfer assets such that, as a legal nullity, the transfer is not an "Event of Default"; and 3) Defendant Grassia's bankruptcy filings are not an "Event of Default."

Pursuant to F.R.Civ.P. Rule 72(b)(3), the Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition.." Here, upon performing a de novo review of Defendant Grassia's arguments, the Court accepts the Magistrate Judge's Report and Recommendation on the issue of summary judgment and finds that:

1) Defendant Grassia assumed the obligations of the 2002 and 2007 Loan Documents as a "New Key Principal." *See* Pls.'s SOF (Doc. 147), Exh. "I" at 4-10. Defendant Grassia executed the 2007 Note which contained an "Acknowledgement and Agreement of Key Principal to Personal Liability for Exceptions to Non-Recourse Liability." *See* Pls.'s SOF (Doc. 147), Exh. "D" at 10-12. This document included language demonstrating the intention of the parties to hold Defendant Grassia liable for the full amount of the loans. Accordingly, the Court finds that there was a valid and enforceable contract between the parties.

2) The Borrower[2] transferred the Deed of Trust to Larry Todt; this transfer was

---

[2] Defendant LaRuffa, whether authorized or not, acted on behalf of the Borrower (and Defendant Grassia) when he granted a deed of trust in favor of Larry Todt.

As the Magistrate Judge found, any argument that Defendant LaRuffa was without authority to transfer "may be relevant to a cross-claim that Defendant Grassia may have

recorded on December 15, 2011. The transfer of the deed of trust constitutes an "Event of Default" under the 2002 and 2007 Deeds of Trust, triggering personal liability under the Loan Documents. As such, the Court finds that there has been a breach of the contract.

3) Finding that the transfer of the deed of trust constitutes a breach of contract, the Court need not reach whether Defendant Grassia's bankruptcy filings are an "Event of Default."

As such, the Court adopts the Magistrate Judge's recommendation to grant Plaintiff summary judgment to the extent that there is a contract between the parties, and a breach thereof. Further, the Court adopts Magistrate Judge's recommendation to deny Plaintiff summary judgment to the extent that there is a question of material fact regarding the fair market value of the property at the time of the trustee's sale.

**Expert Evidence Issues (Doc. 170)**

Both Defendants object to (Doc. 170) the Magistrate Judge's R&R addressing the preclusion of factual and expert witnesses. (Doc. 171). Further, Defendants ask for clarification as to who can testify and in which manner.

For the purposes of addressing this portion of the objections, the Court hereby adopts the Factual Background provided in (Doc. 170). The Court considered (Doc. 129), (Doc. 168) and (Doc. 171) in coming to the following determination.

In (Doc. 129), Plaintiff moved this Court to preclude Defendants' witnesses from testifying and or presenting expert evidence after Defendants failed to comply with the F.R.Civ.P. Rules 16, 26(a)(2), 37(b)(2) and 37(c)(1). Specifically, Plaintiff requested that:

1) Defendants be precluded from calling any factual witnesses to supply evidence on any motion, at any hearing, or at trial;

---

against Defendant LaRuffa, but it does not relate to the fact that such a transfer was recorded, and Plaintiff is therefore entitled to rely upon a recorded document." (Doc. 171 at p. 5, fn. 6) (*citing* A.R.S. § 33-416 ("Record of instrument duly recorded as notice.") Further, the Court notes that Defendant Grassia fails to provide any case law or statute for the argument that "Arizona law requires strict compliance with an LLC's operating agreement." (Doc. 174 at p.7).

- 3 -

      2) Defendants be precluded from calling any expert witnesses to supply evidence on any motion, at any hearing, or at trial;

      3) Defendants be precluded from presenting any expert reports in this case in support of any motion, at any hearing, or at trial;

      4) plaintiff be awarded all other sanctions provided for in Rule 37(c)(1), including the payment of Fannie Mae's attorney's fees and costs incurred relating to Defendants' untimely disclosure and the filing on the motion (Doc. 129); and

      5) for all other relief that the Court determines reasonable under the circumstances.

In his R&R on this matter (Doc. 170), Magistrate Judge Macdonald considered the five factors outlined in *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997) and found that the first two *Wednt* factors ((1) the public's interest in expeditious resolution of litigation and (2) the court's need to manage its docket) favored exclusion, while third and fourth factors ((3) the risk of prejudice to the Defendants and (4) the public policy favoring disposition of cases on their merits) favored allowing the witnesses to testify. Pursuant to the fifth factor (the availability of less drastic sanctions), Magistrate Judge Macdonald found that Plaintiff had had the opportunity to depose all of the potential witnesses as fact witnesses, and therefore would not be prejudiced if these testified as fact witnesses. Magistrate Judge Macdonald also held that Defendants Grassia and LaRuffa would be allowed to testify as both fact and expert witnesses so that they may support their case. As to Mr. Steven Cole, the expert witness in question in Defendants' objections, Magistrate Judge Macdonald inherently found that Mr. Cole could only testify as a fact witness and not provide any expert testimony.

Defendants argue that in weighing the *Wednt* factors and recommending sanctions against Defendants, Magistrate Judge Macdonald "overlooked the complete lack of harm or prejudice to Plaintiff, who was the first of the litigants to disclose Steven Cole as a potential witness." Defendants also reiterate that Plaintiff had Mr. Cole's expert report,

which was created in previous bankruptcy litigation, for nearly two years prior to the expert deadline. Additionally, Defendants argue that Plaintiff deposed Mr. Cole in this litigation and paid him expert fees for such deposition. Defendants also argue that Plaintiff misled the Court in its motion in limine (Doc. 129) about the timeliness of disclosure and prejudice that Plaintiff might experience. Further, Defendant Grassia, a pro se litigant at the time, asks for some type of lenience in not realizing the proper procedure on how perform his expert witness disclosure. Finally, Defendants argue that exclusion of Mr. Steven Cole, as an expert, does not serve the primary purpose of Fed.R.Civ.P. 26(a)(2)(b) and 26(a)(2)(c) which is "reducing unfair surprise." *DeGuzman v. U.S.*, 2013 WL 3149323, P.3 (E.D. Cal June 19, 2013).

Here, the Court agrees with Defendants and will modify Magistrate Judge Macdonald's recommendation precluding Mr. Steven Cole from testifying as an expert witness. Upon review of the record, the Court finds that Plaintiff had Mr. Cole's report from the bankruptcy proceedings for at least two years. Further, the Court finds that the allegations of potential prejudice to Plaintiff in (Doc. 129) were misleading—although Plaintiff later admitted he had a copy of Mr. Cole's report during the oral arguments held before Magistrate Judge Macdonald on March 10, 2014. Plaintiff had Mr. Cole's report prior to the deposition and deposed Mr. Cole before the close of discovery. Further, the Court gives Defendant Grassia some lenience due to his pro se status at the time.

As such, the Court finds that the sanctions against defendant are unwarranted. Defendants shall be able to use Mr. Cole as a fact and expert witness as to any information contained in Mr. Cole's report for the bankruptcy proceedings and as to any matter for which he was deposed. Accordingly, the Court denies Plaintiff's (Doc. 129).

In Summary,

**IT IS HEREBY ORDERED** modifying (Doc. 170) the Magistrate Judge's Report and Recommendation as to witness testimony. The Court hereby denies Plaintiff's Motion in Limine (Doc. 129) in full and as specified above;

**IT IS FURTHER ORDERED** accepting (Doc. 171) the Magistrate Judge's

1 Report and Recommendation. The Court hereby grants in part and denies in part
2 Plaintiff's Motion for Summary Judgment (Doc. 146);
3      **IT IS FURTHER ORDERED** that counsel shall file a Joint Proposed Pretrial
4 Order *within (30) thirty days of this order*. The content of the proposed pretrial order
5 shall include, but not be limited to, that prescribed in (Doc. 99 pp. 5-6).
6      Dated this 20th day of February, 2015.

                                      Raner C. Collins
                                      Chief United States District Judge